NO. 91-342

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992


HELEN E. ANDERSEN, DONALD A. YEATS,
and SANDRA C. YEATS,

      Plaintiffs and Respondents,

-vs-

LOUANNE SINGER and RICHARD A. SINGER,

      Defendants and Appellants.

FILED

JAN - 7 1992

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Eleventh Judicial District,
                In and for the County of Flathead,
                The Honorable Leif B. Erickson, Judge presiding.


COUNSEL OF RECORD:

        For Appellants:

                Louanne Singer and Richard H. Singer, Pro Se,
                Phoenix, Arizona.

        For Respondents:

                James C. Bartlett, Hash, O'Brien & Bartlett,
                Kalispell, Montana.


                Submitted on briefs:  November 21, 1991

                       Decided:  January 7, 1992

Filed:

_____
           Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Plaintiffs and Respondents Helen E. Andersen, Donald A. Yeats, and Sandra C. Yeats brought suit in the District Court for the Eleventh Judicial District, Flathead County. The District Court granted respondents' motion for summary judgment. Appellants, appearing pro se, as they did at the District Court level, appeal from the decision of the District Court. We affirm.

Appellants present two issues on appeal.

1. Whether the District Court erred in granting summary judgment for the plaintiffs/respondents.

2. Whether the District Court erred in dismissing appellants' counterclaims.

It is difficult from the briefs and the record before this Court, to determine with any degree of certainty the circumstances which gave rise to the present dispute. It appears that at one time, appellant Louanne Singer was engaged to be married to Glenn Andersen, the son of respondent Helen Andersen. The engaged couple lived together in Arizona while Glenn was attending school. The couple then moved to Montana, bringing with them their possessions. After a time, the couple returned to Arizona to live, leaving many of their possessions in storage in Montana. Shortly thereafter the relationship dissolved, at which time Glenn took back the engagement ring and returned alone to Montana.

The appellants allege that property belonging to them is being held "hostage" in Montana by the respondents. Additionally, they

2

contend that Glenn owes them money from various transactions that took place while he was living with Louanne in Arizona. In order to secure the return of the property and money, the appellants, without counsel, chose to file a lien against certain real property of respondent Helen Andersen. The appellants did not initiate litigation seeking the return of the alleged property or money. The respondents brought suit in District Court. In their complaint, respondents requested that the District Court declare null and void the real property lien filed in the office of the Flathead County Clerk and Recorder by appellant Louanne Singer against the property of respondent Helen Andersen. Additionally, respondents requested that the District Court quiet title to the disputed property in the name of Helen Andersen, and order the Flathead County Clerk and Recorder to not file any additional documents of record submitted by the appellants which purport to adversely affect the respondents' property without first receiving an order from the District Court granting leave to file such document. Finally, the respondents asked for attorney fees and costs.

On March 5, 1991, the District Court Judge granted the respondents' motion for summary judgment and granted respondents relief as they requested in their complaint. It is from this order that appellants appeal.

Summary judgment is proper when no genuine issues of material fact exist and the moving party is entitled to a judgment as a matter of law. Rule 56(c), **M.R.Civ.P.**

3

## I

Appellants argue that the lien they recorded was a valid and enforceable lien and that it was error for the District Court to declare it null and void and strike it from the records of the Flathead County Clerk and Recorder. Section 71-3-102, MCA, provides that liens are created by either a contract between the parties or by operation of law. There was no contract between the parties creating the lien in question. The lien filed by the appellants is not recognized in Title 71, MCA, which sets out the statutory liens in Montana. The lien filed by the appellants was neither created by operation of law nor by contract. The District Court was correct in finding that there were no genuine issues of material fact and that the respondents were entitled to judgment as a matter law.

## II

Additionally, the appellants cite as error the District Court's refusal to consider their counterclaims. Appellants brought a counterclaim seeking the return of certain items of personal property and money allegedly owed to them by respondents. Appellants also sought damages for wrongful prosecution. Following the respondents' reply to the counterclaim, the appellants attempted to file, without leave of the court or the written consent of opposing counsel, an amended answer and counterclaim. This amended counterclaim was essentially the same as the first, the only difference being the appellants now sought an increased damage award from the respondents. In that the respondents

4

prevailed in their complaint, the District Court dismissed with prejudice any cause of action alleged by the appellants that purported to have a basis in the theory of malicious prosecution. The District Court was correct in concluding that the appellants' malicious prosecution claim could not go forward because the respondents prevailed on the merits of their action.

That portion of the appellants' counterclaim which alleged a cause of action for the return of certain items of personal property was designated a permissive counterclaim by the District Court. The court, in its discretion, dismissed without prejudice the appellants' cause of action.

We hold that the District Court was correct in determining that the respondents were entitled to summary judgment and that the District Court did not err in dismissing the appellants' counterclaims. We affirm the District Court's Order in its entirety.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
Justice

5

We concur:

_John Conway Harrison_

_Jim Trieweiler_

_R.C. McDonough_

_Karla M. Gray_

Justices

January 7, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named

RICHARD H. SINGER
3326 N. 37th Ave.
Phoenix, AZ 85019

James C. Bartlett
HASH, O'BRIEN & BARTLETT
136-1st Avenue West
P.O. Box 1178
Kalispell, MT 59903-1178

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy